UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-50068 |
| Plaintiff, | |
| vs. | DEFENDANT'S SENTENCING MEMORANDUM |
| PHILLIP HOLDEN, | |
| Defendant. | |

Comes now Phillip Holden, the Defendant in the above-titled matter, by and through his attorney, Assistant Federal Public Defender Erin S. Bolinger, and moves the Court for a reasonable sentence consistent with the terms of the plea agreement as set forth in the Presentence Investigation Report (PSR). Holden files this sentencing memorandum in support of his specific sentencing request. This motion is made pursuant to the provisions of 18 U.S.C. § 3553(a). This memorandum is made pursuant to the United States Supreme Court decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), and is respectfully submitted in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a).

**FACTS**

A.  <u>Offense Related Facts</u>.

The relevant facts of this offense are set forth in the PSR. Holden certainly understands that his actions were wrong. He believes that had he not been drinking he never would have

found himself in this situation. As the PSR indicates, this plea agreement contemplates the resolution of a case pending in Nebraska as well.

B.	General Facts about Defendant.

Mr. Holden was raised in a stable, close home. However, in 2008 his parents divorced and this break-up caused Mr. Holden a significant amount of stress, sadness, and anxiety. His life became much more difficult after the upheaval in his family, and he experienced bouts of depression and anxiety. He moved several times during the years after his parents' divorce and began abusing drugs and alcohol. The year prior to his recent arrest, Mr. Holden had been getting back on track. He was planning on attending college in the fall and had been employed, working on paying off debt, and had been making positive emotional growth. Obviously, this progress has been stymied by his arrest last August. However, he remains very close to his family, specifically his sisters, and receives emotional support while incarcerated from a number of other family members.

Mr. Holden voluntarily participated in a psychosexual evaluation. His scores were in the non-problematic range for the Cognitive Distortion and Social Desirability scales. As the evaluation reports, Mr. Holden is not considered to be a danger to others, and he is also considered to be a low-risk to re-offend.

**ARGUMENT & AUTHORITIES**

Sentencing today should be a process where the Court is concerned with treating each person who appears for sentencing as a unique individual, deserving of a sentence carefully

crafted to recognize their personal circumstances, their offense, and statutory goals of sentencing. This process is possible now, more than ever in the federal system in light of the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007), *Cunningham v. California*, 549 U.S. 270 (2007), and *Gall v. United States*, 552 U.S. 38 (2007).

### Proper Sentence Under 18 U.S.C. § 3553(a)

Section 3553(a) directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established by the guidelines; (4) any pertinent policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

Mr. Holden agreed to a joint recommendation for a 12-year prison sentence. The original charge Mr. Holden faced would have required a mandatory minimum sentence of 15 years. The nature of the offense outlined in the PSR, as well as the plea agreement, was reached by the Assistant U.S. Attorney and the Defendant.

This case presents a serious law violation, as all felony offenses do. However, there is no actual victim in this matter as this was part of a law enforcement sting. Holden took immediate responsibility for his actions and did not resist law enforcement at the time of his arrest.

It is clear that Holden understands the seriousness of his offense. His time in jail already has impressed upon him the wrongfulness of his conduct, and he has expressed remorse. He hopes to use his term of incarceration and supervision to take advantage of any resources offered, specifically, any employment training. Obviously, it is important for him to learn new skills so that he may provide for himself when he is released from prison.

Holden's advisory guideline range as set forth in the PSR is 1. In reaching the plea agreement, the parties did not contemplate the guideline range as calculated in the PSR. Rather, the negotiations determined that the 12-year term agreed upon was appropriate based on the Defendant's criminal history and the potential 15-year mandatory minimum he was facing here and another federal sentence in Nebraska.

## CONCLUSION

Holden requests that the Court provide him a sentence consistent with his plea agreement of 12 years, followed by a reasonable term of supervised release. For all of the reasons set forth herein above, a sentence of that nature is reasonable. The Court can fashion such a sentence that promotes the goals of sentencing consistent with the factors set forth in 18 U.S.C. § 3553(a) which will result in a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment.

Dated this 24th of June, 2015.

    Respectfully submitted,

    NEIL FULTON
    Federal Public Defender
    By:

    /s/ *Erin S. Bolinger*
    Erin S. Bolinger, Assistant Federal Public Defender
    Attorney for Defendant
    Office of the Federal Public Defender
    Districts of South Dakota and North Dakota
    703 Main Street, Second Floor
    Rapid City, SD 57701
    Telephone: 605-343-5110; Facsimile: 605-343-1498
    filinguser_SDND@fd.org